## STATE ex SEWARDS v EDMONDSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2167.   Decided Feb 16, 1933

Kenneth Johnston, Columbus, and C. G. Lane for relator.

John W. Bricker, Attorney General, Columbus, and Isadore Topper, Ass't Attorney General, Columbus, for respondent.

BARNES, J.

It is our conclusion that the determination of this cause revolves solely around the question as to whether or not the relator resigned on July 15, 1930, as claimed by the respondent. The Master Commissioner has so found and we think that a preponderance of the evidence warrants the finding. While the relator, Sewards, denies in very positive terms that he resigned, yet the testimony of the other two witnesses present is equally positive that he did.

Furthermore we think that the future conduct of the relator is consistent with the claim of resignation.

In the absence of resignation the predecessor of the respondent could only remove upon complaint, notice and hearing. The fact that the predecessor of the respondent, together with the assistant, called the relator into conference and advised him as to the nature of the charges and asked for his resignation, would not in itself constitute duress.

Aside from its legal aspect, it would be the decent and charitable thing to do; a practice very generally followed in departments of government and likewise in business. The relator was privileged to withhold his resignation or give it. If not given, no discharge could be made except through charges duly filed, notice and hearing.

In the testimony of the relator he says that he performed no services for the department after July 15th, but made frequent demands that charges be filed. This is conduct clearly indicating that he knew his rights. The fact that he took no steps thereafter to regain his position until February 10, 1932, is hard to understand. While this conduct in view of all the circumstances would not warrant a finding of abandonment of the position, yet it is corroborative of the claim of resignation. Also the further fact that relator on February 3, 1931, filed an application for reinstatement is more consistent with the claim of resignation than any other.

In the brief of counsel or oral argument on behalf of relator, it was contended that an agreement to resign was not the equivalent of resignation. We hold to the principle that the fact that the predecessor of the respondent acted upon this resignation or agreement to resign, thereby constituted it an executed resignation. And any other conclusion would be a mere play on words.

The petition of the relator will be dismissed at his costs.

Decree accordingly will be entered.

HORNBECK, PJ, and KUNKLE, J, concur.